LEMUEL SCARBROUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. J. W. SCARBROUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. W. SCARBROUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17097–17099.  Promulgated September 19, 1929.

*Raymond M. White, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

318

OPINION.

LITTLETON : The Commissioner appears to have disallowed as a deduction a contribution to the Scarbrough Employees Benefit Fund, upon the ground that no trust fund was established and the amount claimed was nothing more than a part of the funds of the partnership. He relies in support of his action upon the determination of the Board in *Spring Canyon Coal Co.*, 13 B. T. A. 189, in which the Board, in distinguishing *Hibbard, Spencer, Bartlett & Co.*, 5 B. T. A. 464, said:

\* \* \* There is no evidence in the instant case, as there was in that case, of an agreement, either written or oral, between the petitioner and its employees, looking toward the establishment of a trust fund, nor can we find from the act of the petitioner in establishing the said fund that there was any intent to create a trust of the amount set aside pursuant to the order of the industrial commission of Utah. \* \* \* The fact that the Industrial Commission, as a protective measure, directs the establishment of a reserve does not make that fund a trust fund, thus divesting the employer of legal title thereto, nor place it under the control of said commission.

\*　　\*　　\*　　\*　　\*　　\*　　\*

In the *Hibbard, Spencer, Bartlett & Co.* case the amount of the pension fund was in no manner reflected in the books of the taxpayer. In the instant case the amount was carried in the balance sheet of the petitioner as an asset, which was offset by a corresponding reserve for workmen's compensation insurance. \* \* \*

The petitioners insist, and we agree, that the facts in these proceedings bring them within the principle announced by the Board in *Hibbard, Spencer, Bartlett & Co.*, 5 B. T. A. 464, and *Live Stock National Bank*, 7 B. T. A. 413. There are some differences in the

form of the plan adopted by Hibbard, Spencer, Bartlett & Co. and the one here involved, but in principle and purpose they are very similar. The facts in these proceedings show that the partnership completely parted with claim to or control over the funds; that it was administered by one of the employees of the partnership; and all employees of the partnership and new ones coming in were notified of the creation, existence and purpose of the benefit fund. The fund has continued to the present time and payments, as benefits, to employees have been regularly made therefrom by the treasurer of the fund and additional contributions have been made from time to time by the partnership. In *Hibbard, Spencer, Bartlett & Co., supra*, the Board said:

> In the case we are considering the money paid or contributed by the employer, together with the other money paid into the fund and all accretions, was to be and was held and dealt with for the benefit of the employees under the terms of the agreement. Immediately there was a separation of the legal and equitable estates in the money. So long, at least, as the fund was not liquidated, the employer ceased to be the beneficial owner of the part it had contributed. The respondent argues that "the employer had the same power with reference to this fund, in so far as its own contributions were concerned, as it had with reference to its other funds." But this is not so. For the reasons just stated, as soon as it made a payment to the fund it ceased to have any rights in that payment except a possibility of reversion upon liquidation of the fund. The money could be used for certain purposes prescribed in the regulations and for no other purpose. A court of equity could restrain any attempt to use the fund otherwise than for the purposes of the trust.

We are of opinion that the fund here involved was a trust and that the contributions thereto by the partnership of E. M. Scarbrough & Sons constitute a proper deduction from gross income.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*